1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   PETER GRAVES,                              No.  2:14-cv-724-MCE-EFB PS

12                  Plaintiff,

13        v.                                    <u>ORDER</u>

14   COSUMNES RIVER COLLEGE,

15                  Defendant.

16

17        This case, in which plaintiff is proceeding *in propria persona*, was referred to the

18   undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff seeks

19   leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  His declaration makes the

20   showing required by 28 U.S.C. §1915(a)(1) and (2).  *See* ECF No. 2.  Accordingly, the request to

21   proceed *in forma pauperis* is granted.  28 U.S.C. § 1915(a).

22        Determining that plaintiff may proceed *in forma pauperis* does not complete the required

23   inquiry.  Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the

24   allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on

25   which relief may be granted, or seeks monetary relief against an immune defendant.

26        Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,

27   520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it

28   fails to set forth "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl.*

1    *Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41

2  (1957)); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] plaintiff's obligation to provide the 'grounds' of

3  his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of

4  a cause of action's elements will not do.  Factual allegations must be enough to raise a right to

5  relief above the speculative level on the assumption that all of the complaint's allegations are

6  true."  *Id.* (citations omitted).  Dismissal is appropriate based either on the lack of cognizable

7  legal theories or the lack of pleading sufficient facts to support cognizable legal theories.

8  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

9       In reviewing a complaint under this standard, the court must accept as true the allegations

10  of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976),

11  construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the

12  plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A pro se plaintiff must satisfy

13  the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2)

14  "requires a complaint to include a short and plain statement of the claim showing that the pleader

15  is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds

16  upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing

17  *Conley v. Gibson*, 355 U.S. 41 (1957)).

18       Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only

19  those cases authorized by the Constitution and by Congress.  *Kokkonen v. Guardian Life Ins. Co.*,

20  511 U.S. 375, 377 (1994).  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332,

21  confer "federal question" and "diversity" jurisdiction, respectively.  Federal question jurisdiction

22  requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a

23  "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be

24  authorized by a federal statute that both regulates a specific subject matter and confers federal

25  jurisdiction.  *Baker v. Carr*, 369 U.S. 186, 198 (1962).  To invoke the court's diversity

26  jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the

27  matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World*

28  *Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction

1    of the federal courts unless demonstrated otherwise.  *Kokkonen*, 511 U.S. at 376-78.  Lack of

2    subject matter jurisdiction may be raised at any time by either party or by the court.  *Attorneys*

3    *Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

4         The complaint alleges that defendant Cosumnes River College "is building a light station"

5    at the intersection of the campus's east side entrance and has "purposely allowed pedestrian

6    traffic to be bottled up at the intersection."  ECF No. 1 at 1.  Plaintiff claims that he suffers from

7    Osterodramatosis and is unable to drive.  *Id.*  He alleges he must utilize the intersection at issue to

8    volunteer at the library.  *Id.*  Plaintiff further claims that no one uses the "middle section crossing"

9    and that everyone uses the street as a pedestrian walkway.  Plaintiff claims that defendant refuses

10   to insert a pedestrian cross-way due to his and other community citizens' ethnicity, race, and

11   income status.  Plaintiff  concludes that defendant's failure to provide a pedestrian cross-way at

12   the intersection violates his civil rights and the Americans with Disabilities Act.  *Id.*

13        The civil coversheet submitted with plaintiff's complaint contends that the court has

14   federal question jurisdiction over this action.  ECF No. 1-1.  The complaint, however, fails to

15   sufficiently allege a federal claim.  Plaintiff alleges that defendant violated Title II of the ADA,

16   42 U.S.C. §§ 12132, but has failed to allege facts supporting a claim under that section.  Title II

17   of the ADA requires public entities to provide equal access to services, activities, and programs.

18   42 U .S.C. § 12132.  In order to state a claim that a public program or service violated Title II of

19   the ADA, a plaintiff must show: (1) he is a "qualified individual with a disability"; (2) he was

20   either excluded from participation in or denied the benefits of a public entity's services,

21   programs, or activities, or was otherwise discriminated against by the public entity; and (3) such

22   exclusion, denial of benefits, or discrimination was by reason of his disability.  *McGary v. City of*

23   *Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004).

24        While plaintiff claims that he is an individual with a disability, he has failed to allege facts

25   which if true show that he was denied some benefit on account of his disability.  ECF No. 1 at 2.

26   Rather, plaintiff, in conclusory fashion, claims that defendant failed to provide a pedestrian cross-

27   way based on his and other citizens' ethnicity, race, and income status, not on account of any

28   disability.  *Id.*  Furthermore, as far as the court can discern from the complaint, the alleged

benefit—the use of a pedestrian cross-way—was allegedly denied to all individuals, not just disabled individuals or members of protected classes.  Accordingly, plaintiff has failed to state a claim for violation of Title II of the ADA.

Plaintiff also purport to assert a claim for violation of the Civil Rights Act, 42 U.S.C. § 2000a-1.  ECF No. 1 at 1.  Plaintiff, however, has not alleged that he was denied full and equal enjoyment of defendant's "goods, services, facilities, privileges, advantages, and accommodations" due to discrimination based on her race, color, religion, or national origin.  *See* 42 U.S.C. § 2000a(a) ("All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin.").  There simply is no allegation of disparate treatment here.  Rather, plaintiff simply wants a cross-walk installed at a certain intersection and concludes, without any factual support, that defendant is refusing to provide a crosswalk based on plaintiff's ethnicity, race, and income status.  Plaintiff's conclusory allegations are insufficient to state a claim that is plausible on its face.

Therefore, the complaint will be dismissed.  However, plaintiff is granted leave to file an amended complaint, if he can allege a basis for this court's jurisdiction, as well as a cognizable legal theory and sufficient facts in support of that cognizable legal theory.[1]  *Lopez v. Smith*, 203

---

[1]  Although plaintiff is granted leave to amend, he is not new to the pleading standard required for asserting a claim in federal court.  Between November 4, 2010, and August 1, 2011, plaintiff filed 19 actions in this court. (*See Graves v. Holder*, No. 2:10-cv-02970 WBS EFB PS (E.D. Cal.); *Graves v. Berrien*, No. 2:10-cv-03015 MCE EFB PS (E.D. Cal.); *Graves v. Clinton*, No. 2:10-cv-03106 JAM DAD PS (E.D. Cal.) (closed); *Graves v. Clinton*, No. 2:10-cv-03128 JAM KJN PS (E.D. Cal.); *Graves v. Clinton*, No. 2:10-cv-03156 MCE KJN PS (E.D. Cal.); *Graves v. Donahoe*, No. 2:11-cv-00329 MCE EFB PS (E.D. Cal.); *Graves v. Visek*, No. 2:11-cv-00367 JAM GGH PS (E.D. Cal.) (closed); *Graves v. Sebelius*, No. 2:11-cv-00453 MCE EFB PS (E.D. Cal.); *Graves v. Dep't of Health & Human Servs.*, No. 2:11-cv-01077 JAM GGH PS (E.D. Cal.); *Graves v. Sutter Bd. Of Directors*, No. 2:11-cv-01078 JAM CMK PS (E.D. Cal.); *Graves v. Sutter Bd. Of Directors*, No. 2:11-cv-01119 KJM KJN PS (E.D. Cal.); *Graves v. U.S. Dep't of Health & Human Servs.*, No. 2:11-cv-01120 KJM KJN PS (E.D. Cal.); *Graves v. UC Davis*, No. 2:11-cv-01164 KJM KJN PS (E.D. Cal.); *Graves v. Mendez*, 2:11-cv-01316 KJM EFB PS (E.D. Cal.); Graves v. Johnson, No. 2:11-cv-01851 GEB GGH PS (E.D. Cal.); *Graves v. Experian*, No. 2:11-cv-01943 GEB JFM PS (E.D. Cal.); *Graves v. Experian*, No. 2:11-cv-01977 GEB JFM PS (E.D. Cal.); *Graves v. Experian*, No. 2:11-cv-01988 GEB JFM PS (E.D. Cal.); and *Graves v. The*

F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).  Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the allegations against defendant and shall specify a basis for this court's subject matter jurisdiction.  Any amended complaint shall plead plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c).  Any amended complaint shall also use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case.  Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed.  *See* Local Rule 110.

/////

/////

---

*Big 3 Credit Agencies*, No. 2:11-cv-02024 MCE GGH PS (E.D. Cal.).  After a brief hiatus in 2012, plaintiff resumed filing complaints, and has now initiated five more action, including the instant case, since the beginning of 2013.  *See Graves v. U.C. Davis*, 2:13-cv-26 MCE GGH PS (E.D. Cal.); *Graves v. Cosumnes River College*, No. 2:14-cv-765 JAM AC PS (E.D. Cal.); *Graves v. Jones*, No. 2:14-cv-1476 TLN DAD PS (E.D. Cal.); *Graves v. Jones*, 2:14-cv-1477 MCE AC PS (E.D. Cal.).

1    Accordingly, it is hereby ORDERED that:

2    1.  Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is granted;

3    2.  Plaintiff's complaint is dismissed with leave to amend, as provided herein; and

4    3.  Plaintiff is granted thirty days from the date of service of this order to file an amended

5    complaint.  The amended complaint must bear the docket number assigned to this case and must

6    be labeled "First Amended Complaint."  Failure to timely file an amended complaint in

7    accordance with this order will result in a recommendation this action be dismissed.

8    DATED:  November 20, 2014.

9

10   EDMUND F. BRENNAN
     UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6